UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| hhgregg, Inc., et al.,[1] | ) | Case No. 17-01302-JJG-11 |
| | ) | |
| Debtor. | ) | (Jointly Administered) |
| | ) | |
| | ) | |
| WGT V, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary Proceeding No. 18-50227 |
| | ) | |
| Gregg Appliances, Inc., The Official | ) | |
| Committee of Unsecured Creditors for | ) | |
| Gregg Appliances, Inc., Wells Fargo | ) | |
| Bank, N.A. and GACP Finance Co., LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## GREGG APPLIANCES, INC.'S ANSWER TO WGT V, LLC'S COMPLAINT FOR DECLARATORY AND OTHER RELIEF

Defendant, Gregg Appliances, Inc. ("Gregg"), by counsel, for its answer to WGT V, LLC's Complaint for Declaratory and Other Relief (the "Complaint"), states:

### Introductory Comment

Pursuant to the Court's *Final Order (I) Authorizing Debtors in Possession to Obtain Post-Petition Financing Pursuant to 11 U.S.C. §§ 105, 362, 363, and 364, etc*. entered on May 2, 2017 (Docket No. 923)(the "Final DIP Order"), the Official Committee of Unsecured Creditors was granted "the exclusive right, authority, standing and discretion to determine and to initiate, file, prosecute, enforce, abandon, settle, compromise, monetize, assign, transfer, release, withdraw, or litigate to judgment the Estate Claims …, and/or to decline to do any of the

---

[1] The debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: hhgregg, Inc. (0538); Gregg Appliances, Inc. (9508); and HHG Distributing LLC (5875) (collectively, the "Debtors"). The location of the Debtors' corporate headquarters is 160 West Carmel Drive, Suite 263, Carmel, IN 46032.

foregoing, in consultation with the DIP Agent and the FILO Agent, without the consent or approval of any other third party or further notice to or action, order or approval of the Court; provided however, that in the case of any settlement of more than $1,000,000, the Committee will seek Court approval." Final DIP Order, Para. 66.  The Complaint identifies and seeks relief respecting a disputed claim to an asset of the bankruptcy estate, namely an interest in real estate or the proceeds thereof.  Under the terms of the Final DIP Order, Gregg's interest in the subject matter of the Complaint is an Estate Claim, for which the Committee, in consultation with the DIP Agent and the FILO Agent, has the exclusive right, authority, standing and discretion to, *inter alia*, prosecute and enforce.  Under the circumstances, the Committee, the DIP Agent and the FILO Agent have an interest in, and every incentive to, evaluate and respond to the Complaint as best serves their interests.  Notwithstanding the foregoing, Gregg reserve any and all rights relative to the matters raised in or related to the Complaint.

## I. JURISDICTION AND VENUE

1. This Court has exclusive jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

   **Gregg's Response to Paragraph 1:   Admit.**

2. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (K), (N), and (O).

   **Gregg's Response to Paragraph 2:   Admit.**

3. This is an action for declaratory relief against the Defendants pursuant to 28 U.S.C. §§ 2201 and 2202, 11 U.S.C. §§ 105 and 541, Rule 57 of the Federal Rules of Civil Procedure, and Rule 7001(9) of the Federal Rules of Bankruptcy Procedure.

   **Gregg's Response to Paragraph 3:   Admit.**

2

4. Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

**Gregg's Response to Paragraph 4:   Admit.**

5. In accordance with the Federal Rule of Bankruptcy Procedure 7012(b), the Plaintiff consents to entry of final orders and judgment by the Court in connection with the claims asserted herein to the extent that it is later determined that the Court, absent consent of the Plaintiff, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

**Gregg's Response to Paragraph 5:   Paragraph 5 of the Complaint does not contain allegations of fact to which a response is required.  However, like plaintiff, WGT V, LLC ("WGT"), and in accordance with the Federal Rule of Bankruptcy Procedure 7012(b), Gregg consents to entry of final orders and judgment by the Court in connection with the claims asserted herein to the extent that it is later determined that the Court, absent consent of Gregg, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.**

## II.   THE PROPERTY AND THE PARTIES

6. The issue to be determined by the Court is which party is entitled to the proceeds of sale of certain real property, commonly described as 3230 Woodward Crossing Blvd., Buford, GA 30519 (the "Property").

**Gregg's Response to Paragraph 6:   The allegations contained in paragraph 6 state a legal conclusion for which no answer is required and are, therefore, denied.**

7. WGT is an Indiana limited liability company, with its principal place of business in Carmel, Indiana. WGT is a creditor and party in interest within the meaning of 11 U.S.C. § 1109(b) and therefore has the requisite standing to assert these claims against the Defendants.

**Gregg's Response to Paragraph 7:  Gregg does not have knowledge sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 7 of the Complaint and, therefore, denies same. The balance of the allegations contained in paragraph 7 state a legal conclusion for which no answer is required and are, therefore, denied.**

8.   Gregg, one of the Debtors herein, is a corporation organized under the laws of the State of Indiana.

**Gregg's Response to Paragraph 8:  Admit.**

9.   The Committee was appointed by order of this Court on March 10, 2017 [Docket No. 118]. The Committee was granted broad powers in the final order approving DIP financing [Docket No. 923] (the "DIP Financing Order") to commence proceedings to recover any "Estate Claims;" any counterclaim against WGT pertaining to proceeds of sale of the Property is, or may be, an Estate Claim.

**Gregg's Response to Paragraph 9:  Admit.**

10.   Wells Fargo Bank, N.A. ("Wells Fargo") is a national banking institution and serves as administrative agent and collateral agent for the "Revolving Lender."

**Gregg's Response to Paragraph 10:  Admit.**

11.   GACP Finance Co., LLC ("GACP") is a Delaware limited liability company and serves as the FILO Agent for the "FILO Lender."

**Gregg's Response to Paragraph 11:  Admit.**

12.   Wells Fargo and GACP contend that they are entitled to the proceeds of sale of the Property by virtue of the DIP Financing Order, which was entered on May 2, 2017.

**Gregg's Response to Paragraph 12: Gregg lacks sufficient information to admit or deny the allegations contained in Paragraph 12.**

13. WGT filed its Motion for Relief from Judgment Under Rule 9024 [Docket No. 2447] under Fed.R.Bankr.P. 9024 and Fed.R.Civ.P. 60(b) timely, on May 1, 2018, seeking relief from the terms of the DIP Financing Order, only insofar as that order relates to the Property and the proceeds thereof.

**Gregg's Response to Paragraph 13: Gregg admits the Motion for Relief from Judgment was filed, but denies the allegations of Paragraph 13 that such filing was timely and states that the Motion speaks for itself and denies any allegations consistent therewith.**

### III.  FACTUAL BACKGROUND

**A.  Commencement of the Bankruptcy Case.**

14. On March 6, 2017, hhgregg, Inc. Gregg and HHG Distributing LLC (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code (the "Code") in the United States Bankruptcy Court for the Southern District of Indiana (the "Court"). These bankruptcy cases were administratively consolidated under case no. 17-01302 (this "Case") by order of the Court entered on March 13, 2017 [Docket No. 139].

**Gregg's Response to Paragraph 14:  Admit.**

**B.  The 2004 Sale Leaseback Transaction.**

15. As described in more detail in WGT's Motion to Set Deadline for Debtor to Assume or Reject Executory Contract [Docket No. 2297] ("the Motion to Assume") and in the Joint Motion of the Debtors, the Committee and WGT V, LLC for Entry of an Order, Pursuant to Sections 105 and 363 of the Bankruptcy, Code, (I) Authorizing the Sale of Certain Real Property Free and Clear of Liens, Claims and Encumbrances, and other Interests, and (II) Granting Related Relief [Docket No. 2491], WGT and Gregg entered into a contract (the "Contract") in 2003 whereby Gregg agreed to sell the Property to WGT for $3,500,000.

5

**Gregg's Response to Paragraph 15: Gregg states that the Motion to Assume speaks for itself and denies any allegations of Paragraph 15 which are inconsistent therewith.**

16. WGT paid the $3,500,000 purchase price (the "Purchase Price") required by the Contract to Gregg on October 23, 2003 to purchase the Property.

**Gregg's Response to Paragraph 16: Gregg lacks sufficient information to admit or deny the allegations contained in Paragraph 16.**

17. WGT and Gregg Appliances then entered into a lease of the Property (the "Lease"; a copy of the Lease is attached hereto as <u>Exhibit A</u>). Gregg leased the property from WGT for almost 14 years.

**Gregg's Response to Paragraph 17: Admit.**

18. Section 2(a) of the Lease specifically refers to the Property being sold to WGT and leased back. However, as of this time, WGT has not located a copy of a separate document memorializing the Contract.

**Gregg's Response to Paragraph 18: Gregg states that the Lease speaks for itself and denies any allegations of Paragraph 18 which are inconsistent therewith. Gregg lacks sufficient information to admit or deny the allegations contained in the balance of Paragraph 18.**

19. From 2004 to the present, WGT exercised all rights and privileges as owner of the Property.

**Gregg's Response to Paragraph 19: Gregg lacks sufficient information to admit or deny the allegations contained in Paragraph 19.**

**C.     The Post-Petition Events.**

20.    With the requisite Court approval, Gregg rejected the Lease on May 19, 2017 (the "Lease Rejection").

**Gregg's Response to Paragraph 20:  Admit.**

21.    After the rejection, WGT sought to sell the Property. Georgia developer Royal Capital Corp. ("Purchaser") noticed the Property was vacant, and commenced negotiations with WGT. After thorough negotiations and counter-offers, the parties ultimately settled on a purchase price of $2.9 million.

**Gregg's Response to Paragraph 21: Gregg lacks sufficient information to admit or deny the allegations contained in Paragraph 21.**

22.    On or about August 8, 2017, WGT and Purchaser executed a Purchase and Sale Agreement (the "2017 Agreement"), which was amended immaterially several times to extend certain inspection and closing deadlines.

**Gregg's Response to Paragraph 22: Gregg lacks sufficient information to admit or deny the allegations contained in Paragraph 22.**

23.    After executing the contract for sale, WGT learned that Gregg Appliances was still listed as the record title holder of the Property.

**Gregg's Response to Paragraph 23: Gregg lacks sufficient information to admit or deny the allegations contained in Paragraph 23.**

24.    On May 25, 2018 the Debtors, the Committee and WGT filed a joint motion seeking authority to sell the Property.  By Order dated June 14, 2018, the Court granted that motion and approved the sale of the Property (the "Sale Order").

7

**Gregg's Response to Paragraph 24: Gregg states that the joint motion and the Sale Order speak for themselves and denies any allegations of Paragraph 18 which are inconsistent therewith.**

25. On July 31, 2018 the sale of the Property was closed and the net proceeds of sale (the "Sale Proceeds"), in the approximate amount of $2.8 million, were transferred to the Debtors' bank account, to be held in escrow pending resolution of the competing claims to such proceeds as provided in the Sale Order.

**Gregg's Response to Paragraph 25: Admit.**

## COUNT I – DECLARATORY JUDGMENT

26. WGT repeats and incorporates by reference the allegations contained in all of the preceding paragraphs as though set forth fully herein.

**Gregg's Response to Paragraph 26: Gregg repeats and incorporates by reference its responses to the allegations contained in all of the preceding paragraphs as though set forth fully herein.**

27. This is an action for declaratory relief against the Defendants pursuant to 28 U.S.C. §§ 2201 and 2202, 11 U.S.C. §§ 105 and 541 and Rule 7001(9) of the Federal Rules of Bankruptcy Procedure.

**Gregg's Response to Paragraph 27: Admit.**

28. There is a *bona fide* actual, present and practical need for declaration regarding the rights to the Sale Proceeds now being held in escrow.

**Gregg's Response to Paragraph 28: Admit.**

29. An actual controversy exists for which necessary and proper relief may be granted by declaratory judgment.

**Gregg's Response to Paragraph 29: Admit.**

8

30. The declaration requested herein deals with a present, ascertained or ascertainable state of facts. The Defendants have, or reasonably may have, an actual, present, adverse and antagonistic interest in this Court's determination that WGT is entitled to the Sale Proceeds.

**Gregg's Response to Paragraph 30: To the extent the allegations in Paragraph 30 are directed at Gregg, Gregg admits said allegations. To the extent the allegations contained in Paragraph 30 are directed at parties other than Gregg, Gregg lacks sufficient information to admit or deny such allegations.**

31. There are no other parties known to have an interest in this determination other than the parties to this adversary proceeding.

**Gregg's Response to Paragraph 31: Gregg lacks sufficient information to admit or deny the allegations contained in the balance of Paragraph 31.**

32. All conditions precedent to initiating and maintaining this adversary proceeding have been either performed, occurred, or waived.

**Gregg's Response to Paragraph 32: The allegations contained in Paragraph 32 state a legal conclusion for which no answer is required and are, therefore, denied.**

33. The Property is located in Georgia, so Georgia law applies to determine ownership and other rights.

**Gregg's Response to Paragraph 33: The allegations contained in Paragraph 33 state a legal conclusion for which no answer is required and are, therefore, denied.**

34. Under Georgia law, WGT holds a "perfect equity interest" in the Property and is deemed to be the owner of the Property and is entitled to the Sale Proceeds.

9

**Gregg's Response to Paragraph 34: The allegations contained in Paragraph 34 state a legal conclusion for which no answer is required and are, therefore, denied.**

35. WGT seeks a declaratory judgment providing it is entitled to all of the Sale Proceeds.

**Gregg's Response to Paragraph 35:    Admit.**

## COUNT II – UNJUST ENRICHMENT

36. WGT repeats and incorporates by reference the allegations contained in all of the preceding paragraphs as though set forth fully herein.

**Gregg's Response to Paragraph 36: Gregg repeats and incorporates by reference its responses to the allegations contained in all of the preceding paragraphs as though set forth fully herein.**

37. WGT paid the Purchase Price for the Property.

**Gregg's Response to Paragraph 37: Gregg lacks sufficient information to admit or deny the allegations contained in Paragraph 37.**

38. Gregg has maintained in its public securities filings that it owns no real estate. No creditor has ever advanced any funds to Gregg in reliance on its purported fee interest in the Property or any other real estate.

**Gregg's Response to Paragraph 38: Gregg admits that its public securities filings state that Gregg owns no real estate. Gregg lacks sufficient information to admit or deny the allegations contained in the balance of Paragraph 38.**

39. Neither Gregg nor WGT were aware of the fact that no deed had yet been delivered, so WGT was not given proper notice of the DIP Financing Order and its potential for affecting

10

WGT's rights; similarly, WGT was not given the opportunity to seek adequate protection of its rights in the Property.

**Gregg's Response to Paragraph 39: Gregg admits that it was not aware that no deed had been delivered to WGT. Gregg lacks sufficient information to admit or deny the balance of the allegations contained in Paragraph 39.**

40. Neither Gregg nor, more importantly, GACP or any other DIP lender, could have relied upon any value pertaining to the Property at the time the DIP Financing Order was entered.

**Gregg's Response to Paragraph 40: Gregg Gregg lacks sufficient information to admit or deny whether Gregg, GACP or any other DIP Lender could have relied on the fact asserted in Paragraph 40, or any other fact or circumstance.**

41. Gregg, the Committee and the DIP Lenders would be unjustly enriched at the expense of WGT if they are allowed to receive or retain the Sale Proceeds.

**Gregg's response to Paragraph 41: Paragraph 41 calls for a legal conclusion to which no response is required.**

### COUNT III – RELIEF PURSUANT TO CODE §365(I)

42. WGT repeats and incorporates by reference the allegations contained in all of the preceding paragraphs as though set forth fully herein.

**Gregg's Response to Paragraph 42: Gregg repeats and incorporates by reference its responses to the allegations contained in all of the preceding paragraphs as though set forth fully herein.**

43. WGT was continuously in possession of the Property up until the time of its sale.

**Gregg's Response to Paragraph 43: Gregg lacks sufficient information to admit or deny the allegations contained in the balance of Paragraph 43.**

44. In the event that it is determined that WGT was not the true owner of the property whose interest could not have been avoided, WGT is entitled to the Sale Proceeds because the Debtor is obligated to execute a deed conveying the legal title to WGT regardless of whether the Contract is assumed or rejected.

**Gregg's response to Paragraph 44: Paragraph calls for a legal conclusion to which no response is required.**

45. Bankruptcy Code § 365(i) provides as follows:

(1) If the trustee rejects an executory contract of the debtor for the sale of real property or for the sale of a timeshare interest under a timeshare plan, under which the purchaser is in possession, such purchaser may treat such contract as terminated, or, in the alternative, may remain in possession of such real property or timeshare interest.

(2) If such purchaser remains in possession—

> (A) such purchaser shall continue to make all payments due under such contract, but may, offset against such payments any damages occurring after the date of the rejection of such contract caused by the nonperformance of any obligation of the debtor after such date, but such purchaser does not have any rights against the estate on account of any damages arising after such date from such rejection, other than such offset; and

> (B) the trustee shall deliver title to such purchaser in accordance with the provisions of such contract, but is relieved of all other obligations to perform under such contract.

**Gregg's Response to Paragraph 45: Paragraph 45 of the Complaint does not contain allegations of fact to which a response is required.**

46. The Contract is executory and must be assumed or rejected.

**Gregg's response to Paragraph 46: Paragraph 46 calls for a legal conclusion to which no response is required.**

12

47. If the Contract is assumed, the Debtor is required to deliver a deed pursuant to the terms of the Contract.

**Gregg's response to Paragraph 47: Paragraph 47 calls for a legal conclusion to which no response is required.**

48. If the Contract is rejected, the Debtor is required to deliver a deed pursuant to Bankruptcy Code § 365(i)(2).

**Gregg's response to Paragraph 48: Paragraph 48 calls for a legal conclusion to which no response is required.**

49. The Debtor is required to deliver a deed to WGT regardless of whether the Contract is assumed or rejected, and WGT is accordingly entitled to all of the Sale Proceeds.

**Gregg's response to Paragraph 49: Paragraph 49 calls for a legal conclusion to which no response is required.**

### COUNT IV – RELIEF PURSUANT TO CODE §365(J)

50. WGT repeats and incorporates by reference the allegations contained in all of the preceding paragraphs as though set forth fully herein.

**Gregg's Response to Paragraph 50: Gregg repeats and incorporates by reference its responses to the allegations contained in all of the preceding paragraphs as though set forth fully herein.**

51. In the event WGT is determined to not have been in possession and the Contract is rejected, WGT has a lien in the Property and is therefore entitled to the Sale Proceeds.

**Gregg's response to Paragraph 51: Paragraph 51 calls for a legal conclusion to which no response is required.**

52. Bankruptcy Code § 365(j) provides as follows:

A purchaser that treats an executory contract as terminated under subsection (i) of this section, or a party whose executory contract to purchase real property from the debtor is rejected and under which such party is not in possession, has a lien on the interest of the debtor in such property for the recovery of any portion of the purchase price that such purchaser or party has paid.

**Gregg's Response to Paragraph 52: Paragraph 52 of the Complaint does not contain allegations of fact to which a response is required.**

53. WGT has a superior lien to any of other lien in the proceeds as it had the first priority lien pursuant to Bankruptcy Code § 365(j) in the amount of the Purchase Price.

**Gregg's response to Paragraph 53: Paragraph 53 calls for a legal conclusion to which no response is required.**

54. As the entity with the superior lien on the Property, WGT is entitled to all of the Sale Proceeds, which are less than the amount of the Purchase Price paid by WGT.

**Gregg's response to Paragraph 54: Paragraph 54 calls for a legal conclusion to which no response is required.**

### COUNT V - CODE §544 DOES NOT APPLY

55. WGT repeats and incorporates by reference the allegations contained in all of the preceding paragraphs as though set forth fully herein.

**Gregg's Response to Paragraph 55: Gregg repeats and incorporates by reference its responses to the allegations contained in all of the preceding paragraphs as though set forth fully herein.**

14

56. Bankruptcy Code § 544(a)(3) provides as follows:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

**Gregg's Response to Paragraph 56: Paragraph 56 of the Complaint does not contain allegations of fact to which a response is required.**

57. Bankruptcy Code § 544(a)(3) is not applicable to the instant matter because WGT's interest is not avoidable by a bona fide purchaser.

**Gregg's response to Paragraph 57: Paragraph 57 calls for a legal conclusion to which no response is required.**

58. By virtue of its having paid the purchase price for the property in 2003, WGT had a perfect equity in the Property.

**Gregg's response to Paragraph 58: Paragraph 58 calls for a legal conclusion to which no response is required.**

59. WGT was continuously in possession of the Property, either by itself or by its tenant, such that any purchaser would be subject to WGT's perfect equity interest.

**Gregg's Response to Paragraph 59: Gregg lacks sufficient information to admit or deny the allegations contained in the balance of Paragraph 59 with**

15

**respect to WGT's possession of the Property. The balance of Paragraph 59 calls for a legal conclusion to which no response is required.**

        Respectfully submitted,

        /s/ Jeffrey A. Hokanson
        **ICE MILLER LLP**
        Jeffrey A. Hokanson (No. 14579-49)
        One American Square, Suite 2900
        Indianapolis, Indiana 46282-0200
        Telephone: (317) 236-2100
        jeff.hokanson@icemiller.com

        **MORGAN, LEWIS & BOCKIUS LLP**
        Neil E. Herman (admitted *pro hac vice*)
        Rachel Jaffe Mauceri (admitted *pro hac vice*)
        101 Park Avenue
        New York, New York 10178
        Telephone: (212) 309-6000
        neil.herman@morganlewis.com
        rachel.mauceri@morganlewis.com

        *Counsel to Defendant, Gregg Appliances, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2018, I electronically filed the foregoing Gregg Appliances, Inc.'s Answer to WGT V, LLC's Complaint For Declaratory and Other Relief. Notice of this filing will be sent to the parties who have requested to receive notice through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

I further certify that on September 10, 2018, a copy of the foregoing Gregg Appliances, Inc.'s Answer to WGT V, LLC's Complaint For Declaratory and Other Relief was mailed by first-class U.S. Mail, postage prepaid and properly addressed, to the following:

N/A

/s/ Jeffrey A. Hokanson
Jeffrey A. Hokanson